IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS CORTÉS-CORTÉS,

Plaintiff

v.

COMMONWEALTH OF PUERTO RICO, ET
AL.,

Defendants

CIVIL NO.: 08-2243 (JAG/MEL)

## REPORT AND RECOMMENDATION

### I.   PROCEDURAL BACKGROUND

On October 30, 2008, plaintiff Luis Cortés-Cortés ("Cortés") filed a complaint alleging claims under 42 U.S.C. § 1983 ("Section 1983") against the Commonwealth of Puerto Rico, Miguel Pereira-Castillo ("Pereira"), Junta de Libertad Bajo Palabra ("Junta"), and María Meléndez Rivera ("Meléndez"). (Docket 2.) On January 14, 2009, Cortés filed a motion for injunctive relief as to the medical treatment of the correctional facility in which he is held as a prisoner. (Docket 14.) On March 5, 2009, defendants filed an opposition to the motion for injunctive relief, arguing that Cortés had not exhausted the administrative remedies available to him and therefore could not bring his Section 1983 claim. (Docket 16.) After preliminary consideration of Cortés's motion for injunctive relief, the court ordered Cortés to submit evidence to demonstrate that he had exhausted available administrative remedies no later than April 22, 2009. (Docket 24.) Plaintiff has not responded to the court's order.

### II.   LEGAL ANALYSIS

Title 42, United States Code, Section 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

Luis Cortés-Cortés v. Commonwealth of Puerto Rico, et al.
Civil No. 08-2243 (JAG/MEL)
Report and Recommendation

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The allegations in plaintiff's complaint and motion for injunctive relief indicate that he is a prisoner challenging the provision of medical care in a Commonwealth of Puerto Rico correctional facility. (See Docket 2 at 5; Docket 14 at 1-4.) Plaintiff's complaint also states that he brings his claims under 42 U.S.C. § 1983. Because plaintiff has not responded to the court's order by submitting evidence that he has exhausted available administrative remedies, the court is left only with the allegations in the complaint and the motion for injunctive relief regarding his use of available administrative remedies. (See Docket 2 at 3; Docket 14 at 4; Docket 24.) The court cannot conclude on the basis of these allegations that Cortés has satisfied the procedural requirements of 42 U.S.C. 1997e(a), thus precluding any injunctive relief under Section 1983.

## III.   CONCLUSION

For the reasons explained above, the motion for injunctive relief should be DENIED.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4, 6-7 (1st Cir.1986).

In San Juan, Puerto Rico, this 29th day of April, 2009.

s/Marcos E. López
U.S. MAGISTRATE JUDGE

2